IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,       No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to: No. 1:17-cv-00710-WJ-SCY*

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO WITHDRAW AND
## GRANTING JOINT MOTION TO DISMISS THREE PLAINTIFFS

**THIS MATTER** comes before the Court on Will Ferguson & Associates' Stipulated Motion to Withdraw on Behalf of Plaintiffs Walter White, Jo Ann Duncan, and Jeremiah Booher, Doc. 538, filed April 14, 2020 ("Motion to Withdraw"), and Defendants Environmental Restoration, Weston Solutions, and the United States' Motion for Dismissal of Plaintiffs Walter White, Jo Ann Duncan, and Jeremiah Booher, Doc. 633, filed June 12, 2020 ("Motion to Dismiss").

**Motion to Withdraw**

Will Ferguson & Associates seeks an order granting leave to withdraw as counsel of record for Plaintiffs Walter White, Jo Ann Duncan, and Jeremiah Booher ("Nonresponsive Plaintiffs") on the following grounds:

> [T]hese Plaintiffs have substantially failed to fulfill their obligations pertaining to their representation in this case. These Plaintiffs have not responded to undersigned counsel's attempts to contact them and, despite best and numerous efforts, undersigned counsel has been unable to secure these Plaintiffs' participation in this case and they have not completed or submitted their required Plaintiff Questionnaire.

Motion to Withdraw at 1. No responses opposing the Motion to Withdraw have been filed. Counsel for the Nonresponsive Plaintiffs states he "was unable to obtain their consent to counsel's withdrawal of representation." Motion to Withdraw at 2.

The Court grants Will Ferguson & Associates Motion to Withdraw.  Although the District of New Mexico's Local Rules of Civil Procedure require that a motion to withdraw must indicate consent of the client represented by the withdrawing attorney, *see* D.N.M.LR-Civ. 83.8, the Local Rules also allow a Judge to waive the Local Rules to avoid injustice, *see* D.N.M.LR-Civ. 1.7.  The Court finds it would be unfair to require counsel to continue to represent Parties who fail to participate in this case and do not maintain communication with counsel.

**Motion to Dismiss**

On November 11, 2019, the Court entered an Order requiring the individual Plaintiffs to submit discovery questionnaires by January 31, 2020.  *See* Doc. 374 at 2. The Nonresponsive Plaintiffs failed to submit their discovery questionnaires by January 31, 2020.  *See* Decl. of David Hammack at ¶ 3, Doc. 633-1.

On February 21, 2020, Defendant Environmental Restoration served requests for admissions and interrogatories to the Nonresponsive Plaintiffs.  *See* Environmental Restoration, LLC's Certificate of Service, Doc. 471.  Plaintiffs failed to respond as of June 12, 2020.  *See* Decl. of David Hammack at ¶ 4, Doc. 633-1 (stating responses were due March 23, 2020).

Defendants Environmental Restoration, Weston Solutions, and the United States seek dismissal with prejudice of the claims of Nonresponsive Plaintiffs pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and pursuant to Fed. R. Civ. P. 37(b)(2) for violation of a Discovery Order.

Rule 41(b) states: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

> The sanction of dismissal with prejudice for failure to prosecute is a "severe sanction," a measure of last resort. *Jones v. Thompson,* 996 F.2d 261, 265 (10th Cir.1993); *see Meade v. Grubbs,* 841 F.2d 1512, 1521 n. 7 (10th Cir.1988).

> We have identified a non-exhaustive list of factors that a district court ordinarily should consider in determining whether to dismiss an action with prejudice under Rule 41(b): (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus,* 965 F.2d at 921; *see Mobley v. McCormick,* 40 F.3d 337, 341 (10th Cir.1994) ( "Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria."). Under this flexible framework, established in our *Ehrenhaus* decision, dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus,* 965 F.2d at 921 (internal quotation marks omitted; quoting *Meade,* 841 F.2d at 1521 n. 7).

*Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007).

Rule 37(b)(2) provides: "If a party … fails to obey an order to provide or permit discovery," the Court may issue an order "dismissing the action." Fed. R. Civ. P. 37(b)(2)(A)(v). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920, 918 (10th Cir. 1992) ("consider[ing] the scope of a district court's discretion to dismiss a complaint with prejudice pursuant to Rule 37(b)(2) … as a sanction for the intentional violation of a discovery order").

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant,"; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

The Nonresponding Plaintiffs' failure to provide discovery prejudices Defendants to a high degree by causing delay and increased attorney's fees, and interferes with the judicial process in the adjudication of claims of three sovereign Plaintiffs and hundreds of individual Plaintiffs.  The United States Judicial Panel on Multidistrict Litigation centralized the member cases of this Multidistrict Litigation to promote the just and efficient conduct of the proceedings to "avoid

3

duplicative, complex discovery and other pretrial proceedings." Transfer Order, Doc. 1, filed April 4, 2018. Allowing the Nonresponding Plaintiffs to proceed with their claims without providing timely discovery will undermine the goal of centralization.

It appears that the Nonresponsive Plaintiffs are intentionally refusing to provide discovery because their attorney reports that they "have not responded to undersigned counsel's attempts to contact them and, despite best and numerous efforts, undersigned counsel has been unable to secure these Plaintiffs' participation in this case and they have not completed or submitted their required Plaintiff Questionnaire." Doc. 538 at 1.

The Special Master, the Honorable Alan C. Torgerson, notified the Nonresponsive Plaintiffs on June 10, 2020, that dismissal of their claims may result from their failure to provide discovery when he entered an Order notifying all Parties that the United States agreed to file a motion to dismiss the Nonresponsive Plaintiffs. *See* Order Resulting from Telephonic Status Conference held May 29, 2020, Doc. 632 at 1.

The Court finds that lesser sanctions will not cause the Nonresponsive Plaintiffs to timely provide discovery because the Nonresponsive Plaintiffs failed to comply with the Special Master's Order regarding Plaintiff Questionnaires, failed to respond to Defendant Environmental Restoration, LLC's requests for admissions and interrogatories, and failed to communicate with their attorney. The Special Master filed his Order regarding Plaintiff Questionnaires on November 19, 2019, and set a deadline of January 31, 2020, for submitting the Questionnaires. It is now almost seven months after the deadline for submitting the Questionnaires. Any further delay will risk delaying the trial, set for next year, of hundreds of claims of the responding Plaintiffs and increase the attorney's fees of Defendants. The Court, therefore, dismisses the claims of the Nonresponding Plaintiffs with prejudice.

**IT IS ORDERED** that:

(i) Will Ferguson & Associates' Stipulated Motion to Withdraw on Behalf of Plaintiffs Walter White, Jo Ann Duncan, and Jeremiah Booher, Doc. 538, filed April 14, 2020, is **GRANTED.**

(ii) Defendants Environmental Restoration, Weston Solutions, and the United States' Motion for Dismissal of Plaintiffs Walter White, Jo Ann Duncan, and Jeremiah Booher, Doc. 633, filed June 12, 2020, is **GRANTED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**