IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                    No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*      No. 17-cv-710-WJ-SCY

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART UNITED STATES' MOTION TO EXCLUDE EXPERT
### TESTIMONY OF *McDANIEL* PLAINTIFFS' EXPERT ELVIN CHAVEZ

The *McDaniel* Plaintiffs, who own property near the Animas River, "retained Elvin Chavez

to testify at trial about potentially increased levels of heavy metals identified in water and soil

samples taken from the *McDaniel* Plaintiffs' properties."  Motion at 5.

> Elvin Chavez earned a Bachelor's degree in environmental engineering from an
> accredited institution. He partook in some post graduate education. He has 37 years
> of relevant field experience. **Exhibit 1, Deposition of Elvin Chavez, Vol II,**
> **November 5, 2021**, p.361:5-9; pp.361:23 to 362:5. 2 He has undergone various
> professional training courses, many of them sponsored by Defendant EPA. **Ex. 1** at
> p.362:3-9. He has worked for the EPA, the State of New Mexico, and the National
> Laboratories as a water scientist, and nobody has ever questioned his qualifications.
> **Ex. 1** at pp.362:14 to 363:6. He had a Q Clearance, let it lapse to pursue business
> interests, and he is in the process of regaining his clearance. **Ex. 1** at pp. 363:7 to
> 364:11. He is a certified water sampler, and nobody has ever questioned his
> qualifications or capability to perform as a water scientist. **Ex. 1** at p.364:16-23.

Response at 9-10, Doc. 1658, filed June 7, 2022.

Mr. Chavez collected soil and water samples from the *McDaniel* Plaintiffs' properties,

submitted the samples to a laboratory for analysis, and prepared two reports that state "based upon

the findings some areas were adversely affected by the mine spill."  Motion at 5; Expert Reports,

Doc. 1600-1, filed April 22, 2022.

The United States argues that "Mr. Chavez freely admits that substantial portions of his

expert report are well outside his area of expertise" and moves the Court to "exclude the opinions

in Mr. Chavez's report that he lacks the qualifications to render."  Motion at 5.  The United States

also argues that "for those opinions that Chavez is nominally qualified to express, the Court should

exclude the opinions because" "Mr. Chavez did not have sufficient facts and data to render his

opinions, and Mr. Chavez did not use any reliable methodology to reach his opinions."  Motion at 5.

None of the Parties have requested that the Court hold a *Daubert* hearing prior to ruling on this Motion.

**Scope of Mr. Chavez' Testimony**

It is not clear which opinions Mr. Chavez intends to testify about at trial.  At his deposition, Mr. Chavez was asked to state "what your actual expert opinions and conclusions are."  Doc. 1600-2 at 12.  Mr. Chavez responded:

> *My conclusions are in the report* ... I ... collected samples. The laboratory ... tested the samples and provided the results ... I compared those results to the maximum contaminant levels that the EPA has out there provided for drinking water ... it appeared that there was some areas that had exceedances that could be potentially harmful to .... the environment and those around it ...So, *in my opinion, there is some areas that could—that at the time could require cleanup.  That would be my opinion.*

Doc. 1660-2 at 12 (emphasis added).  Mr. Chavez' expert reports provide the laboratory results of the water and soil samples and state:

(i)     Mr. Chavez collected samples "to obtain a 'statistically accurate' determination of contamination as a result of the Gold King Mine Spill."

(ii)    "migration of contaminants into a water source occurs as contaminants can move through the environment."

(iii)   One goal of the study was to "identify the level of contamination and effects on individuals and animals."

(iv)    "Based upon the findings some areas were adversely affected by the mine spill."

(v)     Three of the *McDaniel* Plaintiffs have developed medical conditions since the spill occurred.

(vi)    The health effects of various metals.

(vii)   One *McDaniel* Plaintiff's fruit trees have died.

2

Doc. 1600-1.

**Admission of Expert Testimony Under Rule 702**

Rule 702, which governs testimony by expert witnesses, provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

**(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

**(b)** the testimony is based on sufficient facts or data;

**(c)** the testimony is the product of reliable principles and methods; and

**(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Federal Rule of Evidence 702 requires the district court to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597, 113 S.Ct. 2786. Under Rule 702, the court must first decide whether the proffered expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *See* Fed. R. Evid. 702. Then "the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert*." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc).

*Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019).

**Expert Qualifications**

To perform its gatekeeping function, the Court determines whether the expert is qualified by "knowledge, skill, experience, training, or education" to render an opinion.  *See* Fed. R. Evid. 702.

The Court finds Mr. Chavez is qualified by his education, training and experience to testify about soil and water sample collection and analysis.  Mr. Chavez has college education in chemistry and environmental engineering, has 37 years of experience as a water scientist, has performed work as a water scientist for the State of New Mexico, the United States Environmental

Protection Agency and national laboratories, and has taken professional training courses.  *See* Doc. 1600-1 at 11-12; Doc. 1658-1 at 11-13.

The Court grants the United States' Motion to exclude Mr. Chavez' testimony that the Gold King Mine Release affected the *McDaniel* Plaintiffs' health because Mr. Chavez is not qualified to render such an opinion.  Mr. Chavez testified that he does not have "special education regarding human health effects of heavy metal contamination," he did not "understand the scope of [his] work to include forming an opinion on the potential health risks that can be attributed to the Gold King Mine spill," and he did not have "sufficient facts and data to form an opinion regarding the specific health risks ... posed to the plaintiffs as a result of the contamination allegedly resulting from the Gold King Mine release."  Doc. 1600-2 at 14.

**Opinion Reliability**

The Court denies the United States' Motion to the extent it seeks to exclude Mr. Chavez' testimony regarding sample collection and analysis. Sample results showing the presence of the same metals in the *McDaniel* Plaintiffs' soil and water as were released from the Gold King Mine are necessary, but insufficient, facts to show that the Gold King Mine Release impacted the *McDaniel* Plaintiffs' properties.

The Court defers ruling on the United States' Motion to exclude Mr. Chavez' testimony that the Gold King Mine Release adversely impacted the *McDaniel* Plaintiffs' properties.  It is not clear the Mr. Chavez intends to offer such testimony because, as discussed below, Mr. Chavez testified that he *"can't conclude with certainty what levels of contamination are attributable to the Gold King Mine."*   However, Mr. Chavez also testified that his expert reports contain his conclusions, one of which is that " some areas were adversely affected by the mine spill."  Mr. Chavez' opinion is based on sample results showing the presence of the same metals as were released from the Gold King Mine and the presence of orange sludge on water filters.  Mr. Chavez testified that "the river was turning orange prior to the Gold King Mine release," and in one of his reports, which he

prepared in 2016, Mr. Chavez' states: "Unfortunately, mines continue leaking wastewater into New Mexico and Colorado Rivers.  Discussions with individuals in these current sampling locations indicated that these leaks and the river turning orange have been going on for years."  Doc. 1600-2 at 26; Doc. 1600-1 at 2.  Mr. Chavez testified that that "there are other mines that contribute wastewater to the Animas River besides the Gold King Mine," he "did not perform any research regarding potential alternative sources for the contamination found at the plaintiffs' properties," he "did not investigate the volume of contamination leaving any other mines and being deposited in the Animas River," he did not investigate or research  the pre-August 2015 quantity of heavy metals in the San Juan and Animas Rivers or in the *McDaniel* Plaintiffs' properties" and "without knowing the specific numbers that existed before the Gold King Mine Release" *he "can't conclude with certainty what levels of contamination are attributable to the Gold King Mine*."  Doc. 1600-2 at 8-9, 26 (emphasis added).  The Parties shall confer regarding whether Mr. Chavez intends to testify that the Gold King Mine Release adversely impacted the *McDaniel* Plaintiffs' properties and may file motions *in limine* if they cannot agree on the scope of Mr. Chavez' testimony.

**IT IS ORDERED** that the United States' Motion to Exclude the Expert Testimony of Elvin Chavez, Doc. 1600, filed April 22, 2022, is **GRANTED in part** as follows:

(i)     The Court denies the United States' Motion to the extent it seeks to exclude Mr. Chavez' testimony regarding sample collection and analysis.

(ii)    The Court grants the United States' Motion to exclude Mr. Chavez' testimony that the Gold King Mine Release affected the *McDaniel* Plaintiffs' health.

(iii)   The Court defers ruling on the United States' Motion to exclude Mr. Chavez' testimony that the Gold King Mine Release adversely impacted the *McDaniel* Plaintiffs' properties.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**