IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE: GOLD KING MINE RELEASE
IN SAN JUAN COUNTY, COLORADO,                      No. 1:18-md-02824-WJ
ON AUGUST 5, 2015

*This Document Relates to:*   No. 17-cv-710-WJ-SCY
                              No. 18-cv-744-WJ-KK

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART WESTON SOLUTIONS, INC.'S MOTION FOR JUDGMENT ON
THE PLEADINGS TO DISMISS CLAIMS OF NEGLIGENCE PER SE**

Weston Solutions, Inc. "moves for judgment on the pleadings to dismiss all claims of negligence per se stated against it."  Weston Solutions, Inc.'s Motion for Judgment on the Pleadings to Dismiss Claims of Negligence Per Se at 3, Doc. 1480, filed March 7, 2022.  Weston states "the regulations that Plaintiffs rely upon to support their negligence per se claims involve (1) the Occupational Safety and Health Act ("OSHA"), (2) the Federal Mine Safety and Health Act ("MSHA"), (3) the Colorado Water Quality Control Act, (4) the New Mexico Hazardous Waste Act, (5) the Clean Water Act, and (6) the National Contingency Plan."  Motion at 3.

**Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).

> "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000); *accord Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).
> ....
>
> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v.*

*Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). In making this assessment, we "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.' " *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

*Cummings v. Dean*, 913 F.3d 1227, 1238 (10th Cir. 2019).

**Negligence per se**

A recent opinion from the Colorado Court of Appeals discusses negligence per se under Colorado law:

> "[N]egligence per se provides that certain legislative enactments such as statutes and ordinances can prescribe the standard of conduct of a reasonable person such that a violation of the legislative enactment constitutes negligence." *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 573 (Colo. 2008). It occurs "when the defendant violates a statute adopted for the public's safety and the violation proximately causes the plaintiff's injury." *Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002). "To recover, the plaintiff must also demonstrate that the statute was intended to protect against the type of injury she suffered and that she is a member of the group of persons the statute was intended to protect." *Id.*
> ....
> To determine whether these state and federal regulations listed in [Jury] Instruction 32 may form the basis for a claim of negligence per se, we must consider whether they were (1) "enacted for the public's safety," (2) "intended to protect the class of persons of which the plaintiff is a member," and (3) "enacted to prevent the type of harm suffered by the plaintiff." *Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913, 930 (Colo. 1997).
> ....
> [The regulations] comprehensively outline various conditions of ASC [Ambulatory Surgical Center] licensure, ranging from, among other things, administration to recordkeeping to sanitation. Ensuring patient safety is an important benefit of the rules, but it is not their *raison d'être*. See *Lawson v. Stow*, 2014 COA 26, ¶ 44, 327 P.3d 340 (holding that Colorado's false reporting statute could not form the basis of a negligence per se claim because, while it "relates to public safety to some extent," its "*primary purpose* ... is to conserve finite law enforcement resources") (emphasis added); *see also Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 666 (11th Cir. 2015) (rejecting negligence per se claim based on rehabilitation facility's "failure to comply with state licensing regulations" because the "regulations were 'intended for licensing and inspection purposes and not for the creation of a standard of conduct to protect individuals' ") (citation omitted).

> Rather, CDPHE [Colorado Department of Public Health and Environment] adopted the regulations pursuant to its authority to "annually license and to establish and enforce standards for the operation of ... ambulatory surgery centers," § 25-1.5-103(1)(a)(I)(A). While the rules state that an ASC's "governing body shall provide facilities, personnel, and services necessary for the welfare and safety of patients," Dep't of Pub. Health & Env't Ch. 20, Reg. 4.1, 6 Code Colo. Regs. 1011-1, those requirements represent a condition of licensure rather than the agency's core regulatory focus. The regulations therefore cannot serve as the basis for a negligence per se claim.
> ....
> [Other] regulations clearly explain what they are intended to accomplish — the establishment of requirements for an ASC to receive Medicare reimbursement from the federal government. As is true for the rules promulgated by CDPHE, scattered references to factors that may bear on patient safety — like requiring facilities to maintain a "safe environment," 42 C.F.R. § 416.41 (2019), and to operate on patients "in a safe manner," 42 C.F.R. § 416.42 (2019) — do not change the fundamental character and purpose of the regulations as a whole. We therefore conclude that the federal regulations in Instruction 32 could not serve as the basis for a negligence per se claim against SCLT.

*Smith v. Surgery Center at Lone Tree, LLC*, 484 P.3d 745, 755-57 (Colo. App. 2020); *see also Dunlap v. Colorado Springs Cablevision, Inc.*, 799 P.2d 416, 417-18 (Colo. App. 1990) ("If the exclusive purpose of a legislative enactment is to secure rights or privileges to the public at large, not citizens in their individual capacity, no basis exists for a claim of negligence *per se*") (citing Restatement (Second) of Torts § 288 (1965)) (rev'd on other grounds, 829 P.2d 1286 (Colo. 1992)); Colo. Jury Instr. - Civ. 9:14, Use Note 4 (The Colorado Jury Instruction for negligence per se—violation of statute or ordinance "does not apply when the ordinance or statute is construed as only imposing an obligation for the benefit of the public at large, rather than for individuals, as members of the public"); Colo. R. Civ. P. 51.1 ("In instructing the jury in a civil case, the court shall use such instructions as are contained in Colorado Jury Instruction (CJI) as are applicable to the evidence and the prevailing law").

To form a basis for a negligence per se claim, a statute or regulation must also indicate an intent to create civil liability:

3

> Not every statute or ordinance will be held to establish a duty and a standard of care under the negligence per se doctrine. For example, we declined to hold that a statute requiring the industrial commission to inspect workplaces created a legally cognizable duty to employees. *Quintano v. Industrial Comm'n,* 178 Colo. 131, 495 P.2d 1137 (1972). Although we acknowledged that the statute specifically designated employees and guests as the intended beneficiaries, we decided that it implicated an area in which we would not create a damages remedy unless the legislature's expression of its intent to create civil liability was "loud and clear, *i.e.,* by authorizing the remedy." *Quintano,* 178 Colo. at 135–136, 495 P.2d at 1139.

*Bittle v. Brunetti*, 750 P.2d 49, 57-59 (Colo. 1988) (*en banc*) ("Because the ordinance in question did not expressly provide for imposition of civil liability on violators, it did not create a duty to pedestrians and we will not use it as the basis for negligence per se"); *accord Foster v. Redd*, 128 P.3d 316, 318-319 (Colo. App. 2005) ("Moreover, '[i]t is a well-settled general rule that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises ... unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty'" ... "Thus, as recognized in *Bittle v. Brunetti, supra,* 750 P.2d at 59, 'imposing liability would do violence to people's reasonable expectations'").

**The Navajo Nation and the State of New Mexico**

Weston states: "The Navajo Nation and State of New Mexico ("Sovereign Plaintiffs") do not explicitly make a claim for negligence per se, but their pleadings strongly implicate the theory ... to the extent that Sovereign Plaintiffs contend a violation of OSHA regulations conclusively establish a claim for negligence, these are claims sounding in negligence per se and must be dismissed for the same reasons set forth below."  Motion at 4 n.1; *see also* Weston's Reply at 14, Doc. 1567, filed April 18, 2022 (Weston requests dismissal of, "to the extent they have been asserted, the negligence per se claims of the State of New Mexico and the Navajo Nation").

The Navajo Nation and the State of New Mexico state: "Both New Mexico and the Navajo Nation pled causes of action for negligence and gross negligence—not negligence per se ... and therefore are not subject to Weston's Motion."  Navajo Nation and New Mexico Response at 3-4, Doc. 1542, filed April 4, 2022.

The Court denies Weston's Motion to dismiss the negligence per se claims of the Navajo Nation and the State of New Mexico as moot because the Navajo Nation and the State of New Mexico are not asserting negligence per se claims.

**Negligence per se Claims based on OSHA, MSHA and the NCP**

"Plaintiffs concede that OSHA, MSHA, and the NCP are inapplicable as to their negligence per se claims."  *Allen* Plaintiffs' Response at 6, Doc. 1537, filed April 4, 2022; *see also McDaniel* Plaintiffs' Notice of Joinder, Doc. 1544, filed April 4, 2022.  The Court dismisses the *Allen* and *McDaniel* Plaintiffs' claims of negligence per se based on the Occupational Safety and Health Act, the Federal Mine Safety and Health Act, and the National Contingency Plan.

**Negligence per se Claims based on CWQCA, NMHWA and the CWA**

The Court dismisses the *Allen* and *McDaniel* Plaintiffs' claims of negligence per se based on the Colorado Water Quality Control Act ("CWQCA"), the New Mexico Hazardous Waste Act ("NMHWA"), and the federal Clean Water Act ("CWA").  While the CWQCA, NMHWA and CWA relate to public safety to some extent, their primary purposes are to protect the quality of the water and the environment.  The CWQCA, NMHWA and CWA impose an obligation for the benefit of the public at large, rather than for individuals.  The CWQCA, NMHWA and CWA do not expressly provide for imposition of civil liability on violators and do not indicate an intent to create civil liability.  Consequently, under Colorado law the CWQCA, NMHWA and CWA cannot serve as the basis for negligence per se claims.

The *Allen* and *McDaniel* Plaintiffs base their negligence per se claims on two regulations of the Colorado Water Quality Control Commission which was created by the Colorado Water Quality Control Act.  *See Allen* Plaintiffs' Second Amended Complaint at 112-116, Doc. 445, filed January 21, 2020; *McDaniel* Plaintiffs' Second Amended Complaint at 13-16, Doc. 6, filed September 26, 2017, in *McDaniel v. United States*, No. 1:17-cv-00710-WJ-SCY; Colo. Rev. Stat. Ann. § 25-8-201.  "The CWQCA is a comprehensive statute designed to protect the quality of waters throughout the state by, among other things, regulating the discharge of pollutants into such waters."  *Roosevelt Tunnel, LLC v. Norton*, 89 P.3d 427, 428 (Colo. App. 2003).  The Colorado Water Quality Act states:

> The factual or legal basis for proceedings or other actions that result from a violation of any control regulation inure solely to, and shall be for the benefit of the people of, the state generally, and it is not intended by this article, in any way, to create new private rights or to enlarge existing private rights. A determination that water pollution exists or that any standard has been disregarded or violated, whether or not a proceeding or action may be brought by the state, shall not create any presumption of law or finding of fact which shall inure to or be for the benefit of any person other than the state.

Colo. Rev. Stat. Ann. § 25-8-611(1).  This provision does not "create a private cause of action" and recognizes that "water violation determinations may not be used to benefit anyone other than the state."  *Baseline Farms Two, LLP v. Hennings*, 26 P.3d 1209, 1213 (Colo. App. 2001).  The Court dismisses the *Allen* and *McDaniel* Plaintiffs' negligence per se claims based on two regulations issued pursuant to the Colorado Water Quality Control Act, because the primary purpose of the CWQCA is to protect the quality of waters in the State of Colorado and does not create a private cause of action.

The *Allen* and *McDaniel* Plaintiffs also base their negligence per se claims on New Mexico's Hazardous Waste Act.  "The purpose of the [New Mexico] Hazardous Waste Act is to help ensure the maintenance of the quality of the state's environment; to confer optimum health,

safety, comfort and economic and social well-being on its inhabitants; and to protect the proper utilization of its lands." N.M. Stat. Ann. § 74-4-2.  The enforcement provision of the New Mexico Hazardous Waste Act does not provide for private causes of action.  *See* N.M. Stat. Ann. § 74-4-10.  The Court dismisses the *Allen* and *McDaniel* Plaintiffs' negligence per se claims based on the New Mexico Hazardous Waste Act, because the NMHWA imposes an obligation for the benefit of the public at large, rather than for individuals, and does not create a private cause of action.

The *Allen* and *McDaniel* Plaintiffs also base their negligence per se claims on the federal Clean Water Act which states:  "The objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).  The CWA provides that:

> any citizen may commence a civil action on his own behalf—
>
> **(1)** against any person ... who is alleged to be in violation of (A) an effluent standard or limitation under this chapter or (B) an order issued by the Administrator or a State with respect to such a standard or limitation, or
>
> **(2)** against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator.
>
> The district courts shall have jurisdiction ... to enforce such an effluent standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties under section 1319(d) of this title.

33 U.S.C. § 1365(a).  The "primary function of the provision for citizen suits is to enable private parties to assist in enforcement efforts where Federal and State authorities appear unwilling to act." *Lockett v. E.P.A.*, 319 F.3d 678, 684 (5th Cir. 2003).

> Section 1365 is the Clean Water Act's citizen suit provision and is the sole avenue of relief for private litigants seeking to enforce certain enumerated portions of the statute. *See* 33 U.S.C. § 1365 (1994). Section 1365 permits private citizens to enforce specified provisions of the CWA by conferring upon them the right to sue parties alleged to be in violation of "(A) an effluent standard or limitation" or "(B)

7

> an order issued by the Administrator or a State with respect to such a standard or limitation." 33 U.S.C. § 1365(a); *see also id.* at § 1365(f) (defining "effluent standard or limitation" as used in subsection (a)).
>
> ....
>
> the Supreme Court's decision in *Sea Clammers*, and this court's decision in *Walls v. Waste Resource Corp.,* 761 F.2d 311 (6th Cir.1985), preclude us from implying a private right of action under any provision of the Clean Water Act other than § 1365, including the provisions cited in plaintiffs' complaint. *See Sea Clammers*, 453 U.S. at 14–15, 101 S.Ct. 2615 (federal courts may not imply a private right of action under any provision of the Clean Water Act not expressly referenced in the statute's citizen suit provision, 33 U.S.C. § 1365); *Walls,* 761 F.2d at 314 (refusing, in light of *Sea Clammers*, to imply a private right of action under sections of the Clean Water Act not within the purview of § 1365).

*Bd. of Trustees of Painesville Tp. v. City of Painesville, Ohio*, 200 F.3d 396, 399 (6th Cir. 1999). The Court dismisses the *Allen* and *McDaniel* Plaintiffs' negligence per se claims based on the CWA because the primary purpose of the CWA is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters, the CWA does not create a private cause of action and this Court cannot imply a private right of action.

**NNEPA, NNCWA and NMWQA**

The *Allen* Plaintiffs assert that "as it applies only to the NNWCA, this Court should consider matters outside the pleadings showing that NNCWA [Navajo Nation Clean Water Act], N[N]EPA [Navajo Nation Environmental Protection Act], and NMWQA [New Mexico Water Quality Act] water quality standards were violated and can support Plaintiffs' negligence per se claim." Response at 20.  The Court declines to consider matters outside the pleadings because the *Allen* and *McDaniel* Plaintiffs did not plead negligence per se claims based on the NNCWA, NNEPA or NMWQA and discovery is closed.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests").

**IT IS ORDERED** that Weston Solutions, Inc.'s Motion for Judgment on the Pleadings to Dismiss Claims of Negligence Per Se, Doc. 1480, filed March 7, 2022, is **GRANTED in part** as follows:

(i) The Court grants Weston's Motion to dismiss the negligence per se claims of the *Allen* and *McDaniel* Plaintiffs.

(ii) The Court denies Weston's Motion to dismiss the negligence per se claims of the Navajo Nation and the State of New Mexico as moot.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**